**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| DAVID LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number: 4:25-cv-48 |
| ) | |
| CAPTAIN DONOVAN HARROD, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, Terrance Kinnard, for his Complaint and Demand for Jury Trial, states the following:

**PRELIMINARY STATEMENT**

1. Plaintiff seeks monetary damages against Defendant for constitutional violations that occurred while Defendant was operating in his official capacity as a Clark County, Indiana Sheriff's Detective/Captain while coercing a confession from Plaintiff and maliciously causing prosecution to be instituted and maintained against Plaintiff and causing Mr. Lowe's pretrial deprivation of liberty for more than three (3) years.

**PARTIES**

2. Plaintiff David Lowe ("Mr. Lowe") is a natural person who resides in Harrison County, Indiana.

3. Defendant Donovan Harrod ("Capt. Harrod") at all relevant times was a detective Captain with the Clark County, Indiana Sheriff's Office ("CCSO").

**JURISDICTION AND VENUE**

4. The Plaintiff herein invokes the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 1343, to obtain a judgment for damages suffered and sustained by the Plaintiff

and caused by the Defendant's violations of the Plaintiff's rights, privileges, and immunities, as guaranteed by applicable federal statutes, specifically 42 U.S.C. § 1983 and 1988, and for the costs of suit, including reasonable attorney's fees.

5. Venue in the New Albany Division of the Southern District of Indiana is appropriate pursuant to 28 U.S.C. § 1391(b), as a substantial portion of the events which give rise to this action took place within this District.

**FACTUAL ALLEGATIONS**

6. Jamey Noel ("Sheriff Noel") was elected as Sheriff of Clark County, Indiana and took office on January 1, 2015.

7. In addition to his role with the CCSO, Sheriff Noel continued to serve as Chief of the Utica Fire Department, a position he held since 2002.

8. The Utica Fire Department also conducted business under the name New Chapel Fire and EMS, which was maintained as a separate non-profit organization.

9. Mr. Lowe was acquainted with CCSO Corporal Matthew Warfield, who recommended Mr. Lowe for employment at the Clark County Jail, as a correctional deputy.

10. Mr. Lowe was hired and started work in that capacity on or about November 20, 2020.

11. Mr. Lowe was assigned to work the overnight shift from 6 p.m. to 6 a.m.

12. During Mr. Lowe's employment, the CCSO experienced a severe shortage of correctional deputies, and the jail was dangerously understaffed.

13. This resulted in only one (1) correctional deputy per unit or pod in the Jail, responsible for approximately 50 inmates.

14. During this time, the inmate population was dramatically increased, as Sheriff Noel agreed to accept federal prisoners from St. Louis, who were being relocated due to disturbances at that facility.

15. Due to the staff shortage and lack of adequate medical staff, Mr. Lowe was also trained and directed to take vital signs of inmates and to pass out medications prescribed by the jail's medical providers.

16. Due to the severe staff shortages, conditions at the Jail were below standard and inmates were not being properly cared for or supervised.

17. Mr. Lowe on several occasions brought this to the attention of Jail commanders, but the Sheriff took no action to reduce the increased population or to increase staffing.

18. On or about October 24, 2021, Jail Commander Captain Mark Harrod ("Capt. Harrod") contacted Capt. Harrod regarding possible illegal activity in the Clark County Jail.

19. Capt. Harrod reviewed jail surveillance video, which showed inmates entering prohibited areas of the Jail and taking items they were not permitted to take.

20. Capt. Harrod then summoned Mr. Lowe to an interrogation room, where Capt. Harrod and Deputy James Disponette were present.

21. Capt. Harrod nearly immediately accused Mr. Lowe of conspiring with jail inmates to provide them access to restricted areas of the Jail.

22. For nearly an hour Mr. Lowe repeatedly denied the allegations, but Capt. Harrod increased the aggressive nature of the interview by cursing and yelling at Mr. Lowe.

23. Additionally, when Capt. Harrod and Deputy Disponette returned, they brought a set of leg shackles and handcuffs and Capt. Harrod told Mr. Lowe that "those fucking shackles and chains are for you….cause your lying to me."

24. After Mr. Lowe continued to deny any involvement in any misconduct, Capt. Harrod and Deputy Disponette left the small interrogation room for an extended period of time.

25. When they returned, Capt. Harrod became extremely aggressive and started reciting a theory he wished Mr. Lowe to adopt – despite Mr. Lowe's repeated denials.

26. At approximately 1 hour and 23 minutes into the interview, Capt. Harrod violently slapped a police radio from beside Mr. Lowe, knocking the radio into Mr. Lowe's body, while stating "We don't fuck around like that around here."

27. Capt. Harrod also falsely informed Mr. Lowe that he had committed a federal crime and would be going to federal penitentiary.

28. After relentless verbal and physical abuse, Mr. Lowe relented and started telling Capt. Harrod anything to end the dehumanizing and abusive interrogation.

29. Mr. Lowe finally adopted Capt. Harrod's version of the events and "admitted" to accepting money in exchange for jail property, including a key to the Jail.

30. None of the lies told by Mr. Lowe actually happened, and the Defendant knew that when he coerced Mr. Lowe to say them.

31. Based on Capt. Harrod's affidavit based on the false confession, Mr. Lowe was arrested and charged with felony charges.

32. The only evidence used to charge Mr. Lowe was the false confession Capt. Harrod unlawfully obtained from Mr. Lowe.

33. Mr. Lowe was incarcerated overnight and released the next day on his own recognizance.

34. However, Mr. Lowe liberty was restricted as he remained under the pretrial release conditions of the Court for more than three (3) years until the Clark County Prosecutor decided it could not proceed against Mr. Lowe and all charges were dismissed.

35. The charges against Mr. Lowe were officially dismissed on February 14, 2025.

36. Through his actions of coercing a false confession, Capt. Harrod caused a criminal action to be instituted against Mr. Lowe.

37. Capt. Harrod acted maliciously in doing so and had no probable cause to institute the action.

38. The prosecution was terminated in Mr. Lowe's favor.

39. Indiana does not offer a remedy for Mr. Lowe, as Capt. Harrod is immune from a state law malicious prosecution claim pursuant to the Indiana Tort Claims Act.

40. Since 2013 the law in the Seventh Circuit has clearly defined that police officers in Indiana can be held liable under § 1983 for malicious prosecution.

41. Capt. Harrod's conduct resulted in and caused the violation of Mr. Lowe's rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff David Lowe, having set forth his complaint against Capt. Harrod prays the Court will enter judgment in favor of Plaintiff and against said Defendant and that:

a. Plaintiff have and recover against said Defendant actual damages;

b. Plaintiff have and recover against said Defendant compensatory damages;

c. Plaintiff have and recover against said Defendant consequential damages;

d. Plaintiff have and recover against said Defendant reasonable attorney's fees;

e. Plaintiff have and recover against said Defendant punitive damages in an amount sufficient to deter said Defendant and others from again engaging in similar offending conduct; and

f. Plaintiff have and recover against said Defendant costs of this action.

Respectfully submitted,

By   */s/ Terrance Kinnard*          .
Terrance Kinnard, #22224-49
Kinnard Rowley Powers Jimenez
320 N. Meridian St., Ste. 1006
Indianapolis, IN 46204
Telephone: 317-855-6282
Facsimile: 317-855-6284
Email: tkinnard@krpjlaw.com

5

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, hereby demands a trial by jury on all issues so triable.

By    */s/ Terrance Kinnard*            .
       Terrance Kinnard, #22224-49